## LOUGHRAN *v.* LEMMON.

HUSBAND AND WIFE; ESTATE BY ENTIRETIES; EQUITY OF REDEMPTION.

1. Where land in this District is conveyed to husband and wife, the limitation in the granting clause of the deed being unto them, " their heirs anu assigns forever," and in the *habendum* clause unto them, " their heirs and assigns, to and for their sole use and benefit and behoof forever," they take an estate by entireties, there being nothing in the married woman's act in force here that destroys that common-law estate.

2. Where a husband and wife having an estate in land by the entireties, to secure a debt of the husband, unite in a deed of trust of the land, in which is reserved to the husband alone the right to occupy the property and to receive the rents and profits until default made in the payment of the debt, and in which there is also reserved to the husband and his heirs the equity of redemption, the deed of trust will not be construed as making a separate and independent settlement of the estate upon the husband, so as to deprive the wife, after his death, of her right to redeem the estate from the indebtedness and then take the entire estate; especially where the circumstances show that such was not the intention of the parties.

No. 1119. Submitted November 8, 1901. Decided December 4, 1901.

HEARING on an appeal by the petitioner from an order of the Supreme Court of the District of Columbia dismissing a petition to intervene in a suit in equity for the sale of land.                              *Affirmed.*

The COURT in its opinion stated the case as follows:

The appeal in this case is from an order of the court below passed upon and dismissing the petition of intervention filed by Sarah Loughran, claiming as sole heir-at-law of Joseph F. Loughran, deceased, under alleged limitations in a certain deed of mortgage or trust made to trustees by said Joseph F. Loughran and ·Frances Marion Loughran, his wife.

The question involved depends upon the construction of the terms of certain deeds of conveyance, under which the respective parties claim; those conveyances being a deed to Joseph F. Loughran and Frances Marion Loughran, his wife, and a deed of trust or mortgage of the same property from said Loughran and wife to certain trustees, to secure the payment of a certain promissory note made by Joseph F. Loughran, the husband, to Thomas I. Parker, the grantor in the first-mentioned deed, made to Loughran and wife.

The record shows that Joseph F. Loughran originally acquired the lot of ground in question in 1874, and thereafter he erected· a dwelling-house thereon. It also appears that Thomas I. Parker, the brother-in-law of Loughran, advanced the money to build the house; and in December, 1875, the property, by deed of Loughran and wife, was conveyed to said Parker, the brother of Mrs. Loughran. Several years thereafter, that is, on the 22d day of September, 1882, Parker, by deed, conveyed the property, with all the improvements, for the recited consideration of $4,000, to said Joseph F. Loughran and Frances Marion Loughran, his wife, " their heirs and assigns forever," describing it as all that certain piece or parcel, etc., and all the remainders, reversions, rents, issues and profits thereof, and all the estate, right, title, interest, claim and demand whatsoever, whether at law or in equity, of the party of the first part, etc., " to have and to hold the said piece or parcel of land and premises, with the appurtenances, unto the said parties of the second part, their heirs and assigns, or the survivor

of them, his heirs and assigns, to and for their sole use and benefit and behoof forever."

After the lapse of a little more than a month, that is to say, on the 31st day of October, 1882, Joseph F. Loughran, the husband, being or becoming indebted to his brother-in-law, Thomas I. Parker, in the sum of $1,500 on promissory note of that date, payable five years after date, without interest, he and his said wife, Frances Marion, made a deed of trust to F. R. Sparks and S. C. Hanson, trustees, of the property conveyed by the previous deed of September 22, 1882, made by Parker to them. In this deed of trust it is recited that said Loughran was indebted on the promissory note to Parker, " and being desirous to secure the punctual payment thereof when and as the same shall become due, with all interest and costs due and accruing thereon, as well as any renewals or extensions, *therefore execute these presents. Now, therefore, this indenture witnesseth,* that the said parties of the first part, *for and in consideration of the premises aforesaid,* and the further sum of one dollar, etc., have granted, bargained," etc., the property described, and all the estate, right, title, interest and claim whatsoever, whether at law or in equity, of the said parties of the first part, etc. " In and upon the trusts, nevertheless, hereinafter mentioned and described, that is to say, in trust to permit the said Joseph F. Loughran, his heirs, or assigns, to use and occupy the said described premises, and the rents, issues and profits thereof, until default made in the payment of said promissory note," etc. And upon full payment of all the said promissory note, etc., " and all other proper costs, charges, commissions, and expenses incurred by means of said trusts, &c., to *release and reconvey* the said described premises unto the said Joseph F. Loughran, his heirs or assigns, at his or their cost." And upon the further trust, if sale should be made upon default, that the proceeds of sale should be applied to the payment of all costs and expenses, and the debt and interest, " and any balance that should remain, to pay to said Joseph F. Loughran, his heirs or assigns."

Joseph F. Loughran died March 17, 1897, leaving a will which was duly admitted to probate, and letters testamentary were granted to his widow, Frances Marion Loughran. The testator left no issue surviving him, but he left a sister, Sarah Loughran, as his only heir-at-law.

Mrs. Frances Marion Loughran, the widow, died November 9, 1897, leaving a will, but which was a subject of contest. Subsequently, a bill in equity was filed for the sale of the property, and the property was thereafter sold by receivers appointed by the court, for $4,500, and the proceeds of sale are in court for distribution to those entitled. Adverse claims are made to the surplus proceeds of sale, after paying off what remains due of the mortgage debt to the estate of Thomas I. Parker, deceased. It was to assert her right to the fund that the petition of Sarah Loughran was filed, and which has been dismissed; and from the order of dismissal this appeal has been taken.

*Mr. Henry W. Sohon* for the appellant:

1. By the reservations in the deed of trust from Joseph F. Loughran and wife, dated October 31, 1882, the entire equity of redemption in the property became vested in Joseph F. Loughran. The rents and profits, until foreclosure, are given to him; in event of foreclosure, the balance of the proceeds of sale is to be paid to him; and in event the debt is paid, the property is to be released and reconveyed to him. In these reservations he is designated by name, and there is no room for construction.

2. The debt has been paid out of the proceeds of the property, but the trust impressed upon it by act of the parties follows it in its converted form of money; and the right of Joseph F. Loughran and his heirs to a release of the property can and should be satisfied by a release or surrender of the balance of its proceeds. The fact that the property has been sold by receivers of the court does not alter the right of the parties; the receivers paid the debt out of the proceeds just as Joseph F. Loughran or the trustees might have paid it.

The debt being paid, the deed of trust declares what shall be done in such event, *i. e.,* the property shall be released to Joseph F. Loughran or his heirs. There can be no warrant for ignoring this plain language. The reservations are to Joseph F. Loughran in fee. They cover every contingency; there is no reason for ignoring them.

3. The contention of counsel for appellees that the equity of redemption may not go out of the mortgagors by force of provisions in the mortgage is untenable. While section 1927 of Jones on Mortgages, states the proposition broadly, it is not supported by any case. It would seem that a mortgagor has a right to designate a different destination for his equity of redemption than what the law would provide if he made no special designation. The right to thus contract in reference to property is a right incident to ownership. It contravenes no substantial or technical rule of law. The doctrine that a mortgagor may not deprive himself of his equity of redemption is applicable only between mortgagor and mortgagee and is for the former's protection; it is to uphold his rights against a harsh mortgagee and has no application in other cases. In this case the special destination of the equity of redemption is to one of the grantors and is as much special as though made to a stranger to the deed. If the reservations were to a stranger would they be ignored?

In the case of *In re Thompson Estate,* 6 Mackey, 542, cited by the appellees in the court below, the only reservation was to the mortgagor's executors or administrators, and the sale was made after his death.

The entire line of cases is referred to in *Dunning* v. *Bank,* 61 N. Y. 505.

These cases fail to show that the grantors cannot make a different destination for the equity and they fail to show that the words used may be ignored, altered or reformed into something else. The words are not construed at all.

The course of the title and the nature of the transactions through which it passed, show that the appellant's contention accords with the understanding of all the parties respecting the title. On no other theory could the husband

have claimed it and the wife have acquiesced and recognized Sarah Loughran's title. No violence will be done to the law and no one can claim an injury by giving to the transaction the effect the parties themselves contemplated.

*Mr. Samuel Maddox* and *Messrs. Taylor & Payne* for the appellee:

Mr. Chief Justice ALVEY delivered the opinion of the Court:

As we have already stated, Mrs. Loughran survived her husband; and the first question is, What was the nature of the estate and extent of interest that she took in the property conveyed by the deed of Thomas I. Parker to Joseph F. Loughran and wife, of September 22, 1882 ? The limitation in the granting clause of the deed is declared to be simply " unto the said parties of the second part, their heirs and assigns forever;" while the limitation in the *habendum* clause is, " unto the said parties of the second part, their heirs and assigns, or the survivor of them, his heirs and assigns, to and for their sole use and benefit and behoof forever." There is, however, no repugnancy or material difference in the effect of these limitations. For it is very clear, the effect of the language employed in either limitation was to invest the grantees, husband and wife, each with the entirety of the estate. They did not take as joint tenants, for though there was a right of survivorship, neither husband or wife could convey so as to defeat the right in the other. Each took an entirety in the estate conveyed, with the right of survivorship, and of this right neither could be divested without the joint act of both. In such case, therefore, the survivor does not take as a new acquisition, but under the original limitation, his or her estate being simply freed from participation by the death of the other tenant; so that if, for instance, the wife survives and then dies, her heirs would take to the exclusion of the heirs of the husband. Watkins on Convey. 170; 1 Prest. on Est. 132; 1 Washb. R. Pro. 314, 315 (3d ed.); 4 Kent Com. 362, 363; *Thornton* v. *Thornton,* 3 Rand. 179;

*Hunt* v. *Blackburn,* 128 U. S. 464, 469.  There is nothing in the married woman's act, in force in this District, that in any way defeats or destroys the common-law estate by entireties, as that estate subsists between husband and wife by purchase.  The estate exists as at the common law, unaffected by statute.*  *Thornton* v. *Thornton,* 3 Rand. 183; *Marbourg* v. *Cole,* 49 Md. 403, and cases there cited.

The next question is, What was the effect and operation of the provisions of the deed of trust or mortgage made by Loughran and wife, on the 31st day of October, 1882, to Sparks and Hanson, trustees, on the estate by entireties created by the previous deed from Parker to Loughran and wife?  Whether the entire estate vested in the wife under that prior deed was divested, and all right of redemption of the estate became thereby vested exclusively in the husband, and his heirs or assigns, to the exclusion of the right of the surviving wife?  In other words, Was the mortgage or deed of trust of the 31st of October, 1882, intended, by any sufficient superadded provision to the security for the note, to make a separate and independent settlement upon the husband of the equity of redemption of the estate mortgaged, to the exclusion of all right of the wife therein?  We think this question must be answered in the negative.  The primary, indeed the only apparent, object of the deed of trust was the security of the payment of the promissory note.  There is no recital of an intention of any other object in making the deed of trust.  The reservation to the husband of the right to occupy the property and to receive the rents and profits therefrom until default made in the payment of the note, is certainly not sufficient to change the whole nature of the estate, and to exclude the right of the wife therein, especially when we consider the relation of the husband to the property and his interest therein with that of the wife.  The equity of redemption reserved, it is true, is to the husband and his heirs, but that is not by any means controlling, in the absence of some plain manifestation of

* See Sec. 1031, Code, D. C., in effect January 1, 1902, as amended by act of June 30, 1902.— REPORTER.

an intention in the deed to convey the right of redemption to the husband to the exclusion of the wife.

The authorities are abundant to show, and to clearly establish the principle, that in the case of a mortgage of a wife's estate, the rule is that where the husband is seized of the legal estate *jure uxoris,* and the husband and wife join in mortgage or deed of trust of the estate, *wherein the equity of redemption is reserved to the husband and his heirs,* the husband has the equity of redemption as he before had the legal estate, that is, *jure uxoris.* And so where the estate he before had *jure uxoris* was equitable, the equity of redemption remains equitable, but still *jure uxoris;* and equity throws this protection around the wife that the deed of mortgage, or whatever other form of security may be adopted, shall operate no further than the particular purpose for which it was made, unless there be *some recital of intention* that the husband shall take the benefit, or it is evident that the transaction *was more than a mere mortgage transaction,* or where the form of the equity of redemption has nothing to do with the limitation of the estate; as where the limitation of the estate is entirely distinct from the equity of redemption. These principles have been settled by the highest authority. *Ruscombe* v. *Hare,* 6 Dow. 20, an opinion by Lord Eldon; *Jackson* v. *Innes,* 1 Bligh, 128–9, an opinion by Lord Redesdale, concurred in by Lord Eldon; 2 Spen. Eq. Juris. 644.

Although an express recital, declaring the intention, may place beyond question the intention of the parties to transfer the equity of redemption to the husband exclusively, yet a recital to that effect is not essentially necessary, for the frame of the deed may so clearly show an intention to act upon the equity of redemption, that a court of equity would be bound to give effect to it. Lord Eldon, however, was at one time of opinion, following as he considered the rule as laid down by Lord Chancellor Thurlow, that nothing short of a recital of the intention would enable a court of equity to support a new destination of the equity of redemption. He yielded that opinion, however, and concurred in the opinion of Lord Redesdale in

the House of Lords, in 1 Bligh, 129–130, reversing his own opinion as delivered in *Innes* v. *Jackson,* 16 Ves. 356. It was held by them all, however, that, in the absence of an express recital, the intention to give a new destination to the right of redemption must be clear and distinct beyond question.

In this case, the mortgage debt is recited as being that of the husband, and in the absence of evidence to the contrary, the loan will be presumed to have been obtained for his benefit. His estate would therefore be required to pay the mortgage debt at the instance of the heirs of the surviving wife, as well as at the instance of the wife herself after the death of the husband. She clearly had a right to redeem after default by the husband.

The principle applicable to this case was clearly stated by the vice-chancellor in the case of *Anson* v. *Lee,* 4 Sim. 364. In that case, in reviewing the authorities upon the subject, the vice-chancellor said: " Cases like *Innes* v. *Jackson,* and the other cases alluded to, in Dow's report, are not, I think, similar to the present. Because, in cases of that description, the question always has been, how far the mere limitation of the equity of redemption, which is something *ultra,* the only purpose that is apparent on the face of the deed, namely, the creation of an incumbrance on the wife's estate, shall deprive her of her beneficial inheritance beyond the letting in of the charge. It certainly is the clear law that, if there is, on the face of the deed, an intention that the wife shall join, either for the purpose of conveying the estate or destroying her dower, or some particular charge that she might have, for the benefit of the incumbrancer who took from the husband, then the mere limitation of the equity of redemption to the husband, shall have the effect of defeating the wife's interest for the benefit *only* of the husband's incumbrance, *and shall not give a new benefit to the husband."*

On the face of the deed of trust in this case there is nothing whatever to show a motive or consideration for divesting the wife of all beneficial interest in the equity of redemption, and conferring the right thereto exclusively in the husband. It is hardly conceivable, moreover, that the brother of Mrs.

Loughran, within a little more than a month after making the deed to his sister and her husband, would have been a party to a transaction whereby the sister was divested of all interest in the property, and the exclusive right and interest therein conferred upon the husband. We are satisfied that such was not the intention of the parties to the deed; and we must therefore affirm the order appealed from; and it is so ordered.

*Order affirmed and cause remanded.*